UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

MICHAEL C. WORSHAM       \*
1916 Cosner Road
Forest Hill, MD 21050       \*     Case #: 12-cv- 2635

     *Plaintiff*       \*

v.                  \*

U.S. DEPARTMENT OF THE TREASURY\*
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220       \*

     *Defendant*
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT FOR INJUNCTIVE RELIEF

This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff Worsham by the Defendant U.S. Department of the Treasury ("Treasury") and its component the Internal Revenue Service ("IRS").

### Jurisdiction and Venue

1.    This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

2.    Plaintiff Michael C. Worsham is a natural person who lives in Forest Hill, in Harford County, Maryland.

3.    Defendant Treasury is a Department of the Executive Branch of the United States Government, and includes as component entity the IRS. The Treasury is an agency within the meaning of 5 U.S.C. § 552(f).

1

**Plaintiff's FOIA Requests to Defendant**

4.   In a letter dated April 10, 2012 to the IRS, Plaintiff submitted a Freedom of Information

Act ("FOIA") request for the following:

1.   Documents fully identifying all persons, including attorneys, who prepared, reviewed and/or approved the IRS page 39 included as part of the IRS's "The Truth About Frivolous Tax Arguments" that appeared on the IRS's web site from January 1, 2011 to at least January 24, 2012, for the IRS FRIVOLOUS TAX ARGUMENTS IN GENERAL, "Contention: The Sixteenth Amendment does not authorize a direct non-apportioned federal income tax on United States citizens," and attached herein as Exhibit 1.

2.   Documents fully identifying all persons, including attorneys, who prepared, reviewed and/or approved the IRS page 29 included as part of the IRS's "The Truth About Frivolous Tax Arguments" that appeared on the IRS's web site starting on or about February 16, 2012 to the present, for the IRS FRIVOLOUS TAX ARGUMENTS IN GENERAL, "Contention: The Sixteenth Amendment does not authorize a direct non-apportioned federal income tax on United States citizens," and attached herein as Exhibit 2.

3.   All documents, including but limited to letters, faxes, emails, memos, and hand written notes, to or from any person, including attorneys, discussing or related to the preparation, review or approval of any portion of any change to page 29 of the IRS FRIVOLOUS TAX ARGUMENTS IN GENERAL from January 2009 to February 16, 2012. This request is not directed towards other changes in or parts of the IRS FRIVOLOUS TAX ARGUMENTS IN GENERAL, just the Contention in paragraph 2 above regarding the Sixteenth Amendment.

5.   Copies of the documents identified in Plaintiff's April 10, 2012 FOIA request to the IRS

as Exhibits 1 and 2 are attached herein as Exhibits A and B.

6.   Plaintiff's April 10, 2012 FOIA request also sought "a wavier of any search or copying fees,

because the information sought is relevant to the IRS's position and changes regarding the

constitutionality of the federal income tax law, and in the broad public interest."

**Defendant's Failure to Timely Comply with Plaintiff's Request**

7.   In a mostly form letter dated April 27, 2012 the IRS did not respond to Plaintiff's request

or provide any documents.

2

8.   In a letter dated May 7, 2012 to the IRS, Plaintiff again requested documents responsive to his original April 10, 2012 request, and pointed out that the IRS did not respond substantively to his FOIA request.

9.   The IRS did not respond to Plaintiff's May 7, 2012 letter.

10.  To date, Defendant DOT and the IRS have not provided the records requested by Plaintiff in his FOIA request, notwithstanding the FOIA's requirement of an agency response and compliance within twenty (20) working days.

11.  Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to Defendant DOT and the IRS.

12.  Defendant has wrongfully withheld the requested records from Plaintiff.

13.  The documents sought in Plaintiff's FOIA request are of considerable public interest.

WHEREFORE, Plaintiff requests that this Court:

   A.   issue an order declaring the Defendant's actions to be a violation of the FOIA;

   B.   issue an order enjoining the Defendant from relying on an invalid regulation or practice in all future FOIA undertakings;

   C.   order Defendant to disclose the requested records in their entireties and make copies available to Plaintiff;

   D.   waive any fees or costs for the records sought;

   E.   issue a finding that Plaintiff has "substantially prevailed," and attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E) for any portion of the litigation in which Plaintiff uses an attorney;

   F.   make a specific finding of the arbitrary and capricious nature of the Defendant's actions and refer the matter to the Merit System Protection Board for investigation under 5 U.S.C. § 552(a)(4)(F);

   G.   provide for expeditious proceedings in this action;

   H.   award costs and grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/   *Michael C. Worsham*
Michael C. Worsham
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw @ worshamlaw.com
Federal Bar #25923

September 4, 2012

# THE TRUTH ABOUT FRIVOLOUS TAX ARGUMENTS
## January 1, 2011

I. FRIVOLOUS TAX ARGUMENTS IN GENERAL ...........................................1

  A. The Voluntary Nature of the Federal Income Tax System...........................1

    1. Contention: The filing of a tax return is voluntary...............................1

    2. Contention: Payment of tax is voluntary. .........................................3

    3. Contention: Taxpayers can reduce their federal income tax liability by filing a "zero return." .......................................................................7

    4. Contention: The IRS must prepare federal tax returns for a person who fails to file. .................................................................................10

    5. Contention: Compliance with an administrative summons issued by the IRS is voluntary. ........................................................................11

  B. The Meaning of Income: Taxable Income and Gross Income ...................13

    1. Contention: Wages, tips, and other compensation received for personal services are not income. ...............................................................13

    2. Contention: Only foreign-source income is taxable. .........................18

    3. Contention: Federal Reserve Notes are not income. ........................21

    4. Contention: Military retirement pay does not constitute income. ......22

  C. The Meaning of Certain Terms Used in the Internal Revenue Code ..........23

    1. Contention: Taxpayer is not a "citizen" of the United States, thus not subject to the federal income tax laws. .............................................23

    2. Contention: The "United States" consists only of the District of Columbia, federal territories, and federal enclaves...........................................26

    3. Contention: Taxpayer is not a "person" as defined by the Internal Revenue Code, thus is not subject to the federal income tax laws. ..................28

    4. Contention: The only "employees" subject to federal income tax are employees of the federal government. ..............................................29

  D. Constitutional Amendment Claims ...........................................................31

    1. Contention: Taxpayers can refuse to pay income taxes on religious or moral grounds by invoking the First Amendment........................................31

    2. Contention: Federal income taxes constitute a "taking" of property without due process of law, violating the Fifth Amendment. ...............................33

    3. Contention: Taxpayers do not have to file returns or provide financial information because of the protection against self-incrimination found in the Fifth Amendment...........................................................................34

    4. Contention: Compelled compliance with the federal income tax laws is a form of servitude in violation of the Thirteenth Amendment......................35

    5. Contention: The Sixteenth Amendment to the United States Constitution was not properly ratified, thus the federal income tax laws are unconstitutional......36

    6. Contention: The Sixteenth Amendment does not authorize a direct non-apportioned federal income tax on United States citizens. ...............39

  E. Fictional Legal Bases ..............................................................................40



Exhibit A

### 6. Contention: The Sixteenth Amendment does not authorize a direct non-apportioned federal income tax on United States citizens.

Some assert that the Sixteenth Amendment does not authorize a direct non-apportioned income tax and thus, U.S. citizens and residents are not subject to federal income tax laws.

**The Law:** The constitutionality of the Sixteenth Amendment has invariably been upheld when challenged.  And numerous courts have both implicitly and explicitly recognized that the Sixteenth Amendment authorizes a non-apportioned direct income tax on United States citizens and that the federal tax laws as applied are valid.  In United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990), cert. denied, 500 U.S. 920 (1991), the court cited to Brushaber v. Union Pac. R.R., 240 U.S. 1, 12-19 (1916), and noted that the U.S. Supreme Court has recognized that the "sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation."

**Relevant Case Law:**

United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990), cert. denied, 500 U.S. 950 (1991) – the court found defendant's argument that the Sixteenth Amendment does not authorize a direct, non-apportioned tax on United States citizens similarly to be "devoid of any arguable basis in law."

In re Becraft, 885 F.2d 547 (9th Cir. 1989) – the court affirmed a failure to file conviction, rejecting the taxpayer's frivolous position that the Sixteenth Amendment does not authorize a direct non-apportioned income tax.

Lovell v. United States, 755 F.2d 517, 518 (7th Cir. 1984) – the court rejected the argument that the Constitution prohibits imposition of a direct tax without apportionment, and upheld the district court's frivolous return penalty assessment and the award of attorneys' fees to the government "because [the taxpayers'] legal position was patently frivolous."  The appeals court imposed additional sanctions for pursuing "frivolous arguments in bad faith."

Broughton v. United States, 632 F.2d 706 (8th Cir. 1980), cert. denied, 450 U.S. 930 (1981) – the court rejected a refund suit, stating that the Sixteenth Amendment authorizes imposition of an income tax without apportionment among the states.

United States v. Hockensmith, 104 A.F.T.R.2d 2009-5133, 2009 WL 1883521 (M.D. Pa. Jun. 30, 2009) – the court rejected the taxpayer's arguments that no law created an income tax and that the taxpayer was outside the government's taxing authority.  The court held that the Sixteenth Amendment allows for the taxation of income and eliminates the requirement for apportionment among the states.

# THE TRUTH ABOUT FRIVOLOUS TAX ARGUMENTS
## February 16, 2012

I. FRIVOLOUS TAX ARGUMENTS IN GENERAL ...........................................1

  A. The Voluntary Nature of the Federal Income Tax System...........................1

    1. Contention:  The filing of a tax return is voluntary. ...........................1

    2. Contention:  Payment of federal income tax is voluntary. ...................3

    3. Contention:  Taxpayers can reduce their federal income tax liability by filing a "zero return." ...........................5

    4. Contention:  The IRS must prepare federal tax returns for a person who fails to file. ...........................7

    5. Contention:  Compliance with an administrative summons issued by the IRS is voluntary. ...........................8

  B. The Meaning of Income:  Taxable Income and Gross Income .....................9

    1. Contention:  Wages, tips, and other compensation received for personal services are not income. ...........................9

    2. Contention:  Only foreign-source income is taxable. ...........................13

    3. Contention:  Federal Reserve Notes are not income. ...........................15

    4. Contention:  Military retirement pay does not constitute income. .....................16

  C. The Meaning of Certain Terms Used in the Internal Revenue Code ..........17

    1. Contention:  Taxpayer is not a "citizen" of the United States, thus not subject to the federal income tax laws. ...........................17

    2. Contention:  The "United States" consists only of the District of Columbia, federal territories, and federal enclaves. ...........................18

    3. Contention:  Taxpayer is not a "person" as defined by the Internal Revenue Code, thus is not subject to the federal income tax laws. ...........................20

    4. Contention:  The only "employees" subject to federal income tax are employees of the federal government. ...........................21

  D. Constitutional Amendment Claims ...........................................22

    1. Contention:  Taxpayers can refuse to pay income taxes on religious or moral grounds by invoking the First Amendment. ...........................22

    2. Contention:  Federal income taxes constitute a "taking" of property without due process of law, violating the Fifth Amendment. ...........................24

    3. Contention:  Taxpayers do not have to file returns or provide financial information because of the protection against self-incrimination found in the Fifth Amendment. ...........................25

    4. Contention:  Compelled compliance with the federal income tax laws is a form of servitude in violation of the Thirteenth Amendment. ...........................26

    5. Contention:  The federal income tax laws are unconstitutional because the Sixteenth Amendment to the United States Constitution was not properly ratified. ...........................27

    6. Contention:  The Sixteenth Amendment does not authorize a direct non-apportioned federal income tax on United States citizens. ...........................29

Exhibit B

**6. Contention: The Sixteenth Amendment does not authorize a direct non-apportioned federal income tax on United States citizens.**

Some individuals or groups assert that the Sixteenth Amendment does not authorize a direct non-apportioned income tax and thus, U.S. citizens and residents are not subject to federal income tax laws.

**The Law:** The constitutionality of the Sixteenth Amendment has invariably been upheld when challenged. And numerous courts have both implicitly and explicitly recognized that the Sixteenth Amendment authorizes a non-apportioned direct income tax on United States citizens and that the federal tax laws as applied are valid.

**Relevant Case Law:**

United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) (relying on Brushaber v. Union Pac. R.R., 240 U.S. 1, 12-19 (1916)), cert. denied, 500 U.S. 950 (1991) – the court found defendant's argument that the Sixteenth Amendment does not authorize a direct, non-apportioned tax on United States citizens to be "devoid of any arguable basis in law."

In re Becraft, 885 F.2d 547, 548-49 (9th Cir. 1989) – the court affirmed a failure to file conviction and rejected the taxpayer's frivolous position that the Sixteenth Amendment does not authorize a direct non-apportioned income tax.

Lovell v. United States, 755 F.2d 517, 518-20 (7th Cir. 1984) – the court rejected the argument that the Constitution prohibits imposition of a direct tax without apportionment, upheld assessment of the frivolous return penalty, and imposed sanctions for pursuing "frivolous arguments in bad faith" on top of the lower court's award of attorneys' fees to the government.

Maxwell v. Internal Revenue Service, 103 A.F.T.R.2d (RIA) 2009-1571, 2009 WL 920533 (M.D. Tenn. Apr. 1, 2009) – the court found that the taxpayer's arguments to have been "routinely rejected," principally that there is no law that imposes an income tax nor is there a non-apportioned direct tax that could be imposed on him as a supposed non-citizen.

**Other Cases:**

Broughton v. United States, 632 F.2d 706 (8th Cir. 1980), cert. denied, 450 U.S. 930 (1981); United States v. Hockensmith, 2009 WL 1883521, 104 A.F.T.R.2d 2009-5133 (M.D. Pa. June 30, 2009); Stearman v. Commissioner, T.C. Memo. 2005-39, 89 T.C.M. (CCH) 823 (2005), aff'd, 436 F.3d 533 (5th Cir. 2006), cert. denied, 547 U.S. 1207 (2006).

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Michael C. Worsham

**DEFENDANTS**

U.S. Department of the Treasury

**(b)** County of Residence of First Listed Plaintiff    Harford County, MD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant                      
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*   Pro se, Michael C. Worsham, 1916 Cosner Road, Forest Hill, MD 21050-2210, (410) 557-6192

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*        and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | | ☒ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Freedom of Information Act, 5 U.S.C. section 552

Brief description of cause:
Defendant DOT/IRS failed to respond or produce documents requested by Plaintiff under the FOIA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $        

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE            DOCKET NUMBER

DATE
09/04/2012

SIGNATURE OF ATTORNEY OF RECORD
*Michael C. Worsham*

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE